**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | |
|---|---|
| Cordell Fagan, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case no. 4:20-cv-04145-CSB |
| | ) |
| v. | ) |
| | ) Honorable Colin S. Bruce |
| Beau Admire, et al. | ) |
| | ) |
| Defendants. | ) |

**<u>DEFENDANTS' MOTION TO AMEND RESPONSE TO REQUEST FOR ADMISSION #10</u>**

Defendants, Stephanie Dorethy, John Baldwin, Zachary Baker, Ryan Stewart, Craig Jones, Corey Scheland, and Beau Admire ("Defendants"), by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, hereby move this Court to permit Defendants to amend their Response to Plaintiff's Request for Admission #10 under Rule 36(b) of the Federal Rules of Civil Procedure, and in support thereof state as follows:

1.      On September 15, 2021, Defendants served answers to Plaintiff's Requests for Admission ("RTAs"). In part, Plaintiff requested the following admission: "Was the video footage of the incident viewed." Defendants' responded "Admitted." (See ECF No. 68-1 at 12.) The response was signed by prior counsel for Defendants, Assistant Attorney General James A. Robinson.

2.      On November 1, 2022, undersigned counsel became employed with the Office of the Attorney General of Illinois ("OAG"), and on November 10, 2022, undersigned counsel filed his appearance in the cause for Defendants. (ECF Nos. 45-46.)

3. On May 9, 2022, this Court ordered Defendants to "affirmatively state that such video evidence never existed, or [to] affirmatively state when that video recording was lost or destroyed," by May 23, 2022. (ECF No. 63.)

4. On May 23, 2022, Defendants filed the Affidavit of Lieutenant Tyler Crouse[1], who stated under oath that he is the current internal-affairs lieutenant at Henry Hill Correctional Center ("HHCC"), that he knows the video surveillance systems of HHCC, and he is familiar with the location where Plaintiff alleges he was assaulted. Under oath, Lieutenant Crouse stated unequivocally under penalties of perjury that no video of a July 24, 2018 assault exists, and no surveillance camera exists in the area where the assault allegedly took place. (See Decl. of Lt. Crouse ¶¶ 5-6) (ECF No. 64.) Lieutenant Crouse further checked the files and hard drives of Hill Correctional Center and did not find anything related to the incident. (*Id.*)

5. On May 31, 2022, Plaintiff filed a Response to Declaration of Tyler Crouse, stating that Lieutenant Crouse's declaration was inconsistent with the September 15, 2021, response to Plaintiff's RTAs. (ECF No. 66.) As noted above, that response to Plaintiff's RTAs admitted "Was the video footage of the incident viewed."

6. Undersigned counsel first became aware of Defendants' Responses to Plaintiff's RTAs on May 31, 2022, because of Plaintiff's response. Undersigned counsel reviewed the discovery productions in this case and found no factual basis for Defendants to admit "Was the video footage of the incident viewed" as to all Defendants, except Defendant Corey Scheland who was the Internal Affairs Lieutenant at the time of the incident on July 24, 2018. Defendant Scheland, while investigating the July 24, 2018 incident in his capacity as the internal affairs lieutenant, he attempted to view any video surveillance that may have captured any incident. The

---

[1] Defendant Corey Scheland was the internal-affairs lieutenant at the time of the alleged incident.

only relevant video surveillance he found was from a camera over 300 feet away from the incident, the people depicted were severely pixelated, and no actions or individuals could be identified. Defendant Scheland determined that the video had no investigative value. Accordingly, Lieutenant Scheland determined that no video needed to be preserved because, effectively, there was no video to preserve.

7.     Accordingly, given Lieutenant Crouse's declaration and Lieutenant Scheland's observations during his investigation, the admission as to "Was the video footage of the incident viewed," is inaccurate and does not reflect all the facts and circumstances. Accordingly, Defendants respectfully request that they be permitted to amend their Response to Plaintiff's RTA #10 as follows:

> "10. Was the video footage of the incident viewed.
>
> RESPONSE: Defendants Stephanie Dorethy, John Baldwin, Zachary Baker, Ryan Stewart, Craig Jones, and Beau Admire deny. Defendant Corey Scheland admits that as the Internal Affairs Lieutenant investigating the alleged incident, he viewed video from a surveillance camera that was approximately 300 feet away of the alleged incident in July 2018. Defendant Scheland determined that the video had no investigative value because of distance of the surveillance camera that the people on the video only appeared as tiny pixels. No particular individuals or specific actions could be discerned or identified on the video. Defendant Scheland further admits that the highly-pixelated video was not preserved and was overwritten automatically.

8.     Under Federal Rule of Civil Procedure 36(b), this Court may permit a party to amend an admission when (1) doing so will serve the presentation of the merits of the case and (2) the party who benefits from the admissions is not prejudiced in maintaining" "the action on the merits". *Banos v. City of Chicago*, 398 F.3d 889, 892 (7th Cir. 2005); Fed. R. Civ. P. 36(b).

9.     <u>Presentation of the Merits</u>. Allowing Defendants to withdraw and amend their admission to RTA #10 will permit all Parties a full opportunity to present the case to the factfinder. The purpose of supplementing and correcting past disclosures or responses is to ensure that both

parties correctly share "the evidentiary basis of the opposing party's case" and to exchange information thereby. *Marianjoy Rehab. Hosp. v. Williams Elecs. Games*, No. 94 C 4918, 1996 U.S. Dist. LEXIS 10119, at *8 (N.D. Ill. July 18, 1996) (differentiating "discovery" from "investigation").

10. Ultimately, admitting "the video footage of the incident was viewed" was inaccurate and Defendants are obligated under Rule 26(g)(1)(A) to correct this mistake. By signing this discovery response, Defendants had "certifie[d] that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry . . . it is complete and correct as of the time it is made." Fed. R. Civ. P. 26(g)(1)(A) (Effect of Signature). Additionally, under Rule 26(e)(1)(A), Defendants are required to seek as promptly as possible that their response be corrected:

> "A party . . . who has responded to a[] . . . request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the . . . response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

11. Upon further investigating the question of video footage, undersigned counsel learned that Defendants' response to RTA #10 was "incomplete or incorrect,"[2] and an amended response is warranted under Rule 36(b), which will allow a fuller version of the truth to be proffered to the factfinder.

12. No Prejudice to Plaintiff. Additionally, there is no prejudice to the Plaintiff because Plaintiff's case has not changed one bit. *Conlon v. United States*, 474 F.3d 616, 623 (9th Cir. 2007) ("When undertaking a prejudice inquiry under Rule 36(b), district courts should focus on the

---

[2] (*See* Decl. of Lt. Tyler Crouse) (ECF No. 64.)

prejudice that the nonmoving party would suffer at trial."). Plaintiff does not state that the merits of his claim *relies* on the existence of video; therefore, he cannot be prejudiced by Defendants' accurate responses in discovery when they correct an incorrect response to an RTA. Accordingly, Defendants' response to RTA #10 should be allowed to be amended under Rule 36(b).

WHEREFORE, Defendants Stephanie Dorethy, John Baldwin, Zachary Baker, Ryan Stewart, Craig Jones, Corey Scheland, and Beau Admire, respectfully request that this Court (1) permit Defendants to amend their Response to Plaintiff's Request to Admit #10 and (2) grant any such additional relief that may be just and proper.

Date: July 7, 2022

Respectfully submitted,
STEPHANIE DORETHY, JOHN BALDWIN,
ZACHARY BAKER, RYAN STEWART, CRAIG
JONES, COREY SCHELAND, and BEAU ADMIRE

By: /s/ *Daniel N. Robbin*

KWAME RAOUL
Attorney General of Illinois

DANIEL N. ROBBIN
BAR NO. 6321386
Assistant Attorney General
Office of the Illinois Attorney General
General Law Bureau, Prisoner Litigation
100 W. Randolph St., 13th Fl.
Chicago, Illinois 60601
(312) 814-7199
daniel.robbin@ilag.gov

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies under penalties of perjury that on July 7, 2022, he electronically filed the foregoing document with the Clerk of the Court for the Central District of Illinois by using the CM/ECF system and caused a copy to be mailed a copy to Plaintiff at his court registered address:

**Cordell Fagan**
**M08879**
**Western Illinois Correctional Center**
**Inmate Mail/Parcels**
**2500 Rt 99 South**
**Mt. Sterling, IL 62353**

Respectfully submitted,

By:   *s/     Daniel N. Robbin*
         Daniel Noah Robbin