E-FILED
Thursday, 07 July, 2022  05:21:04 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | |
|---|---|
| Cordell Fagan, <br><br> Plaintiff, <br><br> v. <br><br> Beau Admire, et al. <br><br> Defendants. | ) <br> ) <br> ) <br> ) Case no. 4:20-cv-04145-CSB <br> ) <br> ) <br> ) Honorable Colin S. Bruce <br> ) <br> ) <br> ) |

**[PROPOSED] DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS**

Defendants, Stephanie Dorethy, John Baldwin, Zachary Baker, Ryan Stewart, Craig Jones, Corey Scheland, and Beau Admire ("Defendants"), by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, hereby respond in opposition to Plaintiff's Motion for Sanctions, [Doc. 68], and in support thereof state as follows:

1.      On June 21, 2022, Plaintiff filed his Motion for Sanctions. [Doc. 68]. In his Motion, Plaintiff argues that undersigned counsel and Defendants must be sanctioned because they "willingly and know[ingly] lied to this Court under penalty and perjury, by now sayin' that no such video exists, or even did." [Doc. 68, 3].

2.      All motions seeking sanctions under Rule 11 "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. Pro. 11(c)(2). "In other words, Rule 11(c)(2) creates a safe-harbor. The moving party <u>must</u> serve the motion on the alleged violator and permit twenty-one days to remedy the violation." *McGreal v. Vill. of Orland Park*, 928 F.3d 556, 559 (7th Cir. 2019) (emphasis added).

3.　　Plaintiff's motion is procedurally defective because he failed to provide Defendants with the necessary "safe-harbor" period required under Rule 11(c)(2). Therefore, the motion must be stricken as a matter of law for failure to comply with the very rule Plaintiff seeks to invoke. *Divane v. Krull Elec. Co.*, 200 F.3d 1020, 1025 (7th Cir. 1999) ("A court that imposes sanctions by motion without adhering to this twenty-one day safe harbor has abused its discretion.").

4.　　Moreover, Plaintiff's concerns about any discrepancy between Defendants' Response #10 to Plaintiff's Requests for Admission and Lt. Tyler Crouse's affidavit are addressed in Defendants' Motion to Amend. [Doc. 71].

WHEREFORE, Defendants pray this court deny Plaintiff's Motion for Sanctions for failure to comply with Rule 11(c)(2), and grant any other relief that may be just and proper.

Date: July 7, 2022

Respectfully submitted,
STEPHANIE DORETHY, JOHN BALDWIN,
ZACHARY BAKER, RYAN STEWART, CRAIG
JONES, COREY SCHELAND, and BEAU ADMIRE

KWAME RAOUL
Attorney General of Illinois

By:_____
DANIEL N. ROBBIN
BAR NO. 6321386
Assistant Attorney General
Office of the Illinois Attorney General
General Law Bureau, Prisoner Litigation
100 W. Randolph St., 13th Fl.
Chicago, Illinois 60601
(312) 814-7199
daniel.robbin@ilag.gov

## CERTIFICATE OF SERVICE

The undersigned certifies under penalties of perjury that on July 7, 2022, he electronically filed the foregoing document with the Clerk of the Court for the Central District of Illinois by using the CM/ECF system and caused a copy to be mailed a copy to Plaintiff at his court registered address:

**Cordell Fagan**
**M08879**
**Western Illinois Correctional Center**
**Inmate Mail/Parcels**
**2500 Rt 99 South**
**Mt. Sterling, IL 62353**

Respectfully submitted,

By:  *s/  Daniel N. Robbin*

Daniel Noah Robbin